# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF TEXAS

### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.  H-10-480-3** |
| | § | |
| **MONICA RENEE PERRY** | § | |

## PLEA AGREEMENT

The United States of America, by and through José Angel Moreno, United States Attorney for the Southern District of Texas and Sam S. Sheldon, Trial Counsel for the U.S. Department of Justice, and the defendant, Monica Renee Perry, and the defendant's counsel, pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement, the terms and conditions of which are as follows:

### The Defendant's Agreement

1.     The defendant agrees to plead guilty to Count One of the Indictment. Count One charges defendant with conspiracy to commit healthcare fraud, in violation of Title18, United States Code, Section 1349. By entering this plea, the defendant agrees that she is waiving any right to have the facts that the law makes essential to the punishment either charged in the indictment, or proved to a jury or

proven beyond a reasonable doubt.

2.      The defendant agrees that the relevant amount of intended loss under
Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense
committed in this case is between $400,000.00 and $1,000,000.00.  This amount is
derived from the evidence showing that defendant recruited approximately 75
beneficiaries in which Medicare was subsequently billed approximately $562,500.

3.      The defendant agrees that she will be jointly and severally liable with
all other defendants to pay the United States $851,228.36 as restitution.

## Punishment Range

4.      The **statutory** maximum penalty for each violation of Title 18,
United States Code, Section 1349, is imprisonment of not more than ten years and
a fine of not more than $250,000.  Additionally, the defendant may receive a term
of supervised release after imprisonment of up to three years.  Title 18, U.S.C. §§
3559(a)(3) and 3583(b)(2).  Defendant acknowledges and understands that if she
should violate the conditions of any period of supervised release which may be
imposed as part of her sentence, then defendant may be imprisoned for the entire
term of supervised release up to two years, without credit for time already served
on the term of supervised release prior to such violation.  Title 18, U.S.C. §§
3559(a)(3) and 3583(e)(3).  Defendant understands that she cannot have the

imposition or execution of the sentence suspended, nor is she eligible for parole.

## Mandatory Special Assessment

5.      Pursuant to Title 18, U.S.C. § 3013(a)(2)(A), immediately after

sentencing, defendant will pay to the Clerk of the United States District Court  a

special assessment in the amount of one hundred dollars ($100.00) per count of

conviction.  The payment will be by cashier's check or money order  payable to

the Clerk of the United States District Court,  c/o District Clerk's Office, P.O. Box

61010,  Houston, Texas  77208, Attention: Finance.

## Fine and Reimbursement

6.      Defendant understands that under the Sentencing Guidelines, the

Court is permitted to order the defendant to pay a fine that is sufficient to

reimburse the government for the costs of any imprisonment or term of supervised

release;  if any is ordered.

7.      Defendant agrees that any fine or restitution imposed by the Court

will be due and payable immediately, and defendant will not attempt to avoid or

delay payment.

8.      Defendant agrees to make complete financial disclosure by truthfully

executing a sworn financial statement (Form OBD-500) prior to sentencing if she

is requested to do so.  In the event that the Court imposes a fine or orders the

payment of restitution as part of the Defendant's sentence, the Defendant shall make complete financial disclosure by truthfully executing a sworn financial statement immediately following her sentencing.  Further, the Defendant agrees to full restitution to the victim(s) regardless of the counts of conviction.

## Cooperation

9.      The parties understand this agreement carries the potential for a motion for departure under Section 5K1.1 of the Sentence Guidelines.  The defendant understands and agrees that whether such a motion is filed will be determined solely by the United States through the United States Attorney for the Southern District of Texas.  Should the defendant's cooperation, in the sole judgment and discretion of the United States, amount to "substantial assistance", the United States reserves the sole right to file a motion for departure pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statement.  The defendant further agrees to persist in her plea of guilty through sentencing, fully cooperate with the United States, not oppose the forfeiture of assets contemplated in paragraphs 19 and 20 of this agreement.   The defendant understands and agrees that the United States will request  that sentencing be deferred until that cooperation is complete.

10.      The defendant understands  and agrees that "fully cooperate" as used

herein, includes providing all information relating to any criminal activity known to defendant, including but not limited to healthcare fraud. The defendant understands that such information includes both state and federal offenses arising therefrom. In that regard:

(a) Defendant agrees that this plea agreement binds only the United States Attorney for the Southern District of Texas and defendant; it does not bind any other United States Attorney or any other unit of the Department of Justice;

(b) Defendant agrees to testify truthfully as a witness before a grand jury or in any other judicial or administrative proceeding when called upon to do so by the United States. Defendant further agrees to waive her Fifth Amendment privilege against self-incrimination for the purpose of this agreement;

(c) Defendant agrees to voluntarily attend any interviews and conferences as the United States may request;

(d) Defendant agrees to provide truthful, complete and accurate information and testimony and understands any false statements made by the defendant to the Grand Jury or at any court proceeding (criminal or civil), or to a government agent or attorney can and will be prosecuted under the appropriate perjury, false statement or obstruction statutes;

(e) Defendant agrees to provide to the United States all documents in her possession or under his control relating to all areas of inquiry and investigation;

(f) Should the recommended departure, if any, not meet the defendant's expectations, the defendant understands she remains bound by the terms of this agreement and cannot, for that reason alone, withdraw her plea.

## Waiver of Appeal

11.    Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant

the right to appeal the sentence imposed.  The defendant agrees to waive the right

to appeal the sentence imposed or the manner in which it was determined.  The

defendant may appeal only a sentence imposed above the statutory maximum.

Additionally, the defendant is aware that Title 28, U.S.C. § 2255,  affords the right

to contest or "collaterally attack" a conviction or sentence after the conviction or

sentence has become final.  The defendant waives the right to contest her

conviction or sentence by  means of **any** post-conviction proceeding.

12.    In agreeing to these waivers, defendant is aware that a sentence has

not yet been determined by the Court.  The defendant is also aware that any

estimate of the possible sentencing range under the sentencing guidelines that she

may have received from her counsel, the United States or the Probation Office, is a

prediction, not a promise, **did not induce her guilty plea**, and is not binding on

the United States, the Probation Office or the Court.  The United States does not

make any promise or representation concerning what sentence the defendant will

receive.  Defendant further understands and agrees that the United States

Sentencing Guidelines are "effectively advisory" to the Court.  *United States v.*

*Booker*, 125 S.Ct. 738 (2005).  Accordingly, Defendant understands that, although

the Court must consult the Sentencing Guidelines and must take them into account

when sentencing Defendant, the Court is not bound to follow the Sentencing

Guidelines nor sentence Defendant within the calculated guideline range.

13.    The Defendant understands and agrees that each and all waivers

contained in the Agreement are made in exchange for the concessions made by the

United States in this plea agreement. **If the defendant instructs her attorney to**

**file a notice of appeal at the time sentence is imposed or at any time**

**thereafter, the United States will seek specific performance of these**

**provisions.**

### The United States' Agreements

14.    The United States agrees  to each of the  following:

(a)    If defendant pleads guilty to Count One of the indictment and persists
       in that plea through sentencing, and if the Court accepts this plea
       agreement, the United States will dismiss the remaining counts in the
       indictment and not charge the defendant with additional crimes
       arising from the transactions currently known to the United States;

(b)    At the time of sentencing, the United States agrees not to oppose
       defendant's anticipated request to the Court and the United States
       Probation Office that she receive a  two (2) level downward
       adjustment pursuant to U.S.S.G. Section 3E1.1(a) should the
       defendant accept responsibility as contemplated by the Sentencing
       Guidelines;

(c)    If the defendant qualifies for an adjustment under U.S.S.G. Section
       3E1.1(a), the offense level determined prior to the operation of

3E1.1(a) is level 16 or greater, and the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate resources efficiently, the United States agrees to request an additional one level downward adjustment;

(d)     The government agrees that the relevant amount of intended loss under Section 2B1.1(b)(1) of the Sentencing Guidelines resulting from the offense committed in this case is between $400,000.00 and $1,000,000.00. This amount is derived from the evidence showing that defendant recruited approximately 75 beneficiaries in which Medicare was subsequently billed approximately $562,500.

(e)     If the defendant fulfills her obligations under this Plea Agreement, the United States agrees to recommend a sentence at the low end of the applicable sentencing guideline range, after any reduction based upon the defendant's substantial assistance.

## United States' Non-Waiver of Appeal

15.     The United States reserves the right to carry out its responsibilities

under guidelines sentencing. Specifically, the United States reserves the right:

(a)     to bring its version of the facts of this case, including its evidence file and any investigative files, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

(b)     to set forth or dispute sentencing factors or facts material to sentencing;

(c)     to seek resolution of such factors or facts in conference with defendant's counsel and the Probation Office;

(d)     to file a pleading relating to these issues, in accordance with U.S.S.G.

Section 6A1.2 and Title 18, U.S.C.§ 3553(a); and,

(e) to appeal the sentence imposed or the manner in which it was determined.

## Sentence Determination

16. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, U.S.C. § 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

## Rights at Trial

17. Defendant represents to the Court that she is satisfied that her

attorney has rendered effective assistance. Defendant understands that by entering

into this agreement, she surrenders certain rights as provided in this plea

agreement. Defendant understands that the rights of a defendant include the

following:

(a) If defendant persisted in a plea of not guilty to the charges, defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if the defendant, the United States, and the court all agree.

(b) At a trial, the United States would be required to present witnesses and other evidence against the defendant. Defendant would have the opportunity to confront those witnesses and her attorney would be allowed to cross-examine them. In turn, the defendant could, but would not be required to, present witnesses and other evidence on her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the court.

(c) At a trial, defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if the defendant desired to do so, she could testify on her own behalf.

## Factual Basis for Guilty Plea

18. Defendant is pleading guilty because she _is_ guilty of the charges

contained in Count One of the indictment. If this case were to proceed to trial, the

United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish the Defendant's guilt:

From in or around April 2008, and continuing through in or around February 2009, defendant, Monica Renee Perry, willfully conspired with others to commit healthcare fraud, in violation of 18 U.S.C. § 1349. Medicare is a "health care benefit program" of the United States, as defined in 18 U.S.C. § 24. Furthermore, Medicare is a healthcare benefit program affecting commerce.

After Hurricanes Katrina, Rita and Ike, Medicare relaxed its normal operating procedures to speed provision of healthcare services to elderly and disabled persons who depend upon them. Because of hurricane damage to local healthcare facilities, many beneficiaries were evacuated to neighboring states where receiving hospitals and nursing homes had no healthcare records, information on current health status or even verification of the person's status as a Medicare beneficiary. As such, Medicare created the CR Modifier. Under the CR Modifier, durable medical equipment (DME) companies and other healthcare providers that furnished replacement DME in good faith, including scooters and power wheelchairs and power wheelchair accessories, but who could not comply with normal program requirements because of either Hurricanes Katrina, Rita or

Ike, would still be paid for services provided and would be exempt from sanctions for noncompliance, unless it was discovered that fraud or abuse occurred.

Co-conspirator E.O. was the owner of several DME companies. Defendant and E.O. agreed to a kickback arrangement whereby E.O. would pay defendant in exchange for the referral of Medicare beneficiaries that could be billed through E.O.'s company using the CR Modifier. Defendant recruited Medicare beneficiaries for the purpose of E.O.'s company filing claims with Medicare using the CR Modifier for DME such as wheelchairs or scooters that were neither destroyed by a hurricane nor medically necessary. Defendant specifically knew that such medical equipment was not destroyed in a hurricane and not medically necessary. Once beneficiary numbers and information were obtained, E.O.'s company would submit false and fraudulent claims to Medicare using the CR Modifier for the DME.

Based on approximately 75 beneficiaries that defendant recruited, E.O.'s company billed Medicare between $400,000.00 and $1,000,000.00 using the CR Modifier for purportedly providing DME to these Medicare beneficiaries.

All of the defendant's criminal acts took place in the Houston Division of the Southern District of Texas.

## Breach of Plea Agreement

19.     If defendant should fail in any way to fulfill completely all of the obligations under this plea agreement, the United States will be released from its obligations under the plea agreement, and the defendant's plea and sentence will stand. If at any time defendant retains, conceals or disposes of assets in violation of this plea agreement, or if defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by defendant, whether prior to or subsequent to this plea agreement, and all leads derived therefrom, will be used against defendant in any prosecution.

20.     Whether the defendant has breached any provision of this plea agreement shall be determined solely by the United States through the United States Attorney's Office, whose judgment in that regard is final.

## Forfeiture

21.     This plea agreement is being entered into by the United States on the basis of defendant's express representation that she will make a full and complete disclosure of all assets over which she exercises direct or indirect control, or in which she has any financial interest.

Page 13 of 17

22.     Defendant consents to any agreed order of forfeiture or judgment, and further agrees to take all steps necessary to pass clear title to forfeitable assets to the United States, including, but not limited to, surrendering of title, signing a consent decree, stipulating facts regarding the transfer of title and basis for the forfeiture, and signing any other documents necessary to effectuate such transfer.

### Complete Agreement

23.     This written plea agreement, consisting of 17 pages, including the attached addendum of defendant and her attorney, constitutes the complete plea agreement between the United States, defendant and her counsel. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. Defendant acknowledges that no threats have been made against her and that she is pleading guilty freely and voluntarily because she is guilty.

24.   Any modification of this plea agreement must be in writing and signed by all parties.

Filed at ___Houston___, Texas, on ___September 23___, 2010.

_Monica R. Perry_
Defendant

Subscribed and sworn to before me on ___September 23___, 2010.

UNITED STATES DISTRICT CLERK

By: _Rhonda Konuby_
Deputy United States District Clerk

APPROVED:

JOSÉ ANGEL MORENO
United States Attorney

By: _____            _____
Sam S. Sheldon                                              Lourdes Rodriguez
Trial Attorney                                                 Attorney for Defendant
U.S. Department of Justice
Criminal Division/Fraud Section

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF TEXAS

# HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO.  H-10-480-3** |
| | § | |
| **MONICA RENEE PERRY** | § | |

## PLEA AGREEMENT - ADDENDUM

I have fully explained to defendant her rights with respect to the pending indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction.  Further,  I have carefully reviewed every part of this plea agreement with Defendant.  To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____
Lourdes Rodriguez
Attorney for Defendant

_____9-23-2010_____
Date

Page 16 of 17

I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me.   My attorney has fully explained and I understand all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case.  I have read and carefully reviewed every part of this plea agreement with my attorney.  I understand this agreement and I voluntarily agree to its terms.

_Monica R. Perry_                                              ___9.23.2010___
Monica Renee Perry                                              Date
Defendant